# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KNIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-CV-01315-W-FJG |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Transfer Venue (Doc. # 2); defendant's Motion to Dismiss (Doc. # 4) and plaintiff's Motion to Remand (Doc. # 10).

### I.   BACKGROUND

On September 21, 2014, plaintiff Douglas Knight was involved in a motor vehicle accident with Danielle Ely.  Knight alleges that Ely was operating her car while under the influence of alcohol. Knight asserts that Ely's car crossed the center dividing line, striking his car head-on, causing him to suffer serious injuries to his head, neck, ear, shoulder and back.  On July 20, 2016, Knight issued a claim for payment of the $100,000 policy limits of his underinsured motorist ("UIM") coverage benefits to Nationwide Insurance Company of America ("Nationwide").  On August 29, 2016, Nationwide denied Knight's UIM claim on the basis that the policy did not provide $100,000.00 in UIM coverage. (Plaintiff's Petition, Doc. 1-1).

On August 31, 2016, Nationwide filed a Declaratory Judgment Action in the Eastern District of Missouri (Case No. 4:16CV01401RLW). Nationwide was seeking an interpretation of an insurance policy that it issued to Knight and a declaratory judgment defining its rights and obligations to Knight. Nationwide's claim arose from Knight's claim for UIM benefits. Nationwide is seeking a declaration that it does not owe UIM benefits to Knight.

Almost a month after Nationwide filed its declaratory judgment action, Knight filed an action in the Circuit Court of Jackson County, Missouri, on September 21, 2016 against Nationwide asserting claims for breach of contract, vexatious refusal to pay and declaratory judgment. Knight alleged that his automobile insurance policy shows that he purchased $100,000 per person limits of underinsured motorist coverage. Knight states that the policy "promises to provide payment for Mr. Knight's damages from bodily injury cause by negligence of an underinsured motorist in excess of the tortfeasor's insurance policy limits up to $100,000 per person." (Complaint, ¶34). Knight also alleges that he "suffered in excess of $100,000 of damages due to bodily injury and therefore Ms. Ely was an underinsured motorist." (Complaint ¶ 35). In Count I of his petition, plaintiff asserts a breach of contract action against Nationwide. In Count II of his petition, plaintiff asserts that Nationwide vexatiously refused to pay his claim under the policy. Under this count, plaintiff seeks judgment against Nationwide for an additional amount as a penalty not to exceed 20% of the first $1,500 of plaintiff's damages, 10% of the remainder of such award and interest. Plaintiff also seeks attorney fees and costs. In Count III of his petition, plaintiff seeks a declaration that "[t]he limits of liability of underinsured motor vehicle coverage which are available under the policy sold by Defendant Nationwide Insurance Company to Plaintiff Douglas Knight are $100,000." (Complaint – Count III).

2

Nationwide was served on November 30, 2016 and removed the case to the Western District of Missouri on December 29, 2016. Nationwide asserts that jurisdiction is proper as plaintiff is a Missouri resident residing in Hickory County and Nationwide is a Wisconsin corporation with its principal place of business in Des Moines, Iowa. Nationwide claims that the amount in controversy has been met because Knight is seeking the full value of his $100,000 underinsured motorist benefits, has asserted that Nationwide has vexatiously refused to pay these benefits and is seeking a declaration that the policy provides coverage in the amount of $100,000.00.

Nationwide states that this action was removed to the Western District of Missouri, because plaintiff filed his petition in Jackson County, Missouri. However, Nationwide states that venue in Jackson County is not proper, as the accident occurred in St. Charles County, Missouri, which is located in the Eastern District of Missouri. Additionally, Nationwide states that it filed its declaratory judgment action in the Eastern District of Missouri three weeks before plaintiff filed the present action in Jackson County. Nationwide has also contemporaneously filed a Motion for a Change of Venue and a Motion to Dismiss.

Knight has moved to remand stating that he has not requested damages in excess of $75,000 and has limited his recovery to $75,000 or less. Plaintiff requests leave to amend his petition to clarify and/or remove the declaratory judgment count if the Court determines that the amount in controversy requirement is met by this declaratory judgment count.

Plaintiff is a Missouri resident. Defendant Nationwide is domiciled in Wisconsin and has its principal place of business in Des Moines, Iowa. Thus, Nationwide is considered as a citizen of either Wisconsin or Iowa for diversity purposes.

## I.   STANDARD

In <u>Bank of America v. Pennington-Thurman</u>, No. 4:15-CV-381 RLW, 2015 WL 5518728 (E.D.Mo. Sept. 17, 2015), the Court noted:

> [r]emoval statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. . . . A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C.§ 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. . . . The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy.

<u>Id</u>. at *1 (internal citations omitted).

## II.   DISCUSSION

### A. Knight's Motion to Remand

Knight argues that this case should be remanded because the amount in controversy requirement has not been met. It is Nationwide's burden to prove that removal is proper and that all prerequisites are satisfied. <u>See</u> <u>generally</u> <u>Hatridge v. Aetna Cas. & Sur. Co.</u>, 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); <u>In re Business Men's Assur. Co. Of America</u>, 992 F.2d 181, 183 (8th Cir. 1993).

The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." <u>In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.</u>, 346 F.3d 830, 834 (8th Cir. 2003); <u>Drobnak v. Andersen Corp.</u>, 561 F.3d 778, 786 (8th Cir. 2009); <u>James Neff</u>

4

Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F.Supp. 2d 1028, 1036 (E.D. Mo. 2004). The Court will apply the preponderance standard to this case consistent with the Eighth Circuit case law.

Knight argues that the case should be remanded because "while the case involves an insurance policy with a maximum coverage amount of $100,000.00, Plaintiff's prayer for relief specifically requests damages of no more than $75,000.00 on all combined counts." Alternatively, plaintiff requests leave to amend his petition to clarify and/or remove the declaratory judgment count.

In Levinson v. Cincinnati Ins. Co., No. 4:13-CV-1595 CAS, 2013 WL 5291772 (E.D.Mo. Sept.19, 2013), the Court stated:

> [t]he Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has consistently been applied to cases in which the petition at the time of removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached. . . .Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount. Further, plaintiff now stipulates that her damages do not exceed and she will not seek an amount greater than $75,000. Where damages are not specified in a state court complaint, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.

5

Id. at *2 (internal citations and quotations omitted).  In Ashworth v. Bristol West Ins. Co., No. 4:13CV1599 CDP, 2013 WL 5493420 (E.D.Mo. Oct. 1, 2013), the Court explained: "[b]ecause Missouri prohibits a plaintiff from seeking a specific amount of damages in his state court complaint, I may consider post-removal stipulations and pleadings to determine whether jurisdiction has attached, as long as it clarifies rather than amends an original pleading." Id. at *1.

In the instant case, the Court finds that plaintiff is attempting to amend his original petition and not simply clarifying his allegations.  The Complaint filed in state court clearly states that plaintiff suffered in excess of $100,000 of damages due to his injuries from the car accident. (Petition, ¶ 35).  In addition to his breach of contract claim, plaintiff also asserted that Nationwide vexatiously refused to pay the claim and is seeking penalties and attorney fees as a result of this refusal to pay the benefits Knight claimed he was due. Finally, in the declaratory judgment count, Knight is seeking a declaration that the limits of the UIM coverage under the policy are $100,000.00.  Thus, the Court finds that defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit.  Additionally, the Court notes that the Eastern District of Missouri in the declaratory judgment action also recently reached the same conclusion regarding the amount in controversy.  In the Eastern District case, Knight challenged Nationwide's assertion that the amount in controversy requirement was satisfied.  The Court stated that it would not dismiss the action based on the belated filing of Knight's affidavit stating that his claim for UIM benefits did not exceed $75,000.00.  The Court stated that "[p]reviously, Knight made a claim for payment to Nationwide for the full policy limits of $100,000. Thus the Court holds that Knight's post-removal attempt to limit his damages is insufficient to divest this Court of subject matter jurisdiction."  Nationwide

6

Insur. Co. of America v. Knight, No. 4:16CV01401RLW, 2017 WL 2889487, *3 (E.D.Mo. July 6, 2017). This Court agrees and therefore **DENIES** Knight's Motion to Remand (Doc. # 10).

**B.  Nationwide's Motion to Transfer Venue/ Motion to Dismiss**

Nationwide states pursuant to 28 U.S.C. § 1406(a) or alternatively 28 U.S.C. 1404(a), the Court should transfer venue of this case to the Eastern District of Missouri, as plaintiff is a resident of that district, the automobile accident occurred within the Eastern District and Nationwide has already filed a declaratory judgment action which is currently pending in that district.  In response, plaintiff does not address Nationwide's transfer argument, but instead argues only that the jurisdictional minimum has not been met.

28 U.S.C. § 1404(a) – Change of Venue states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1406(a) – Cure or waiver of defects states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  In Adams v. Smithkline Beecham Corp., No. 4:15-CV-1829 (CEJ), 2016 WL 469369 (E.D.Mo. Feb. 8, 2016), the Court stated:

> Questions of venue generally are resolved in accordance with 28 U.S.C. § 1391. However, when a case is removed from state court to federal court, the removal statute, 28 U.S.C. § 1441, dictates venue. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953); see also 28 U.S.C. § 1390 (c)(clarifying that the general venue provisions, including § 1391, "shall not determine the district court to which a civil action pending in a State court may be removed"). Section 1441(a) expressly provides that the proper venue of an action removed from state court is "the district court of the United States for the district and division embracing the place where such

7

>action is pending." Id. at 666. Because this case was filed in the Circuit Court of the City of St. Louis, Missouri and defendant voluntarily removed it to this Court, the district embracing the City of St. Louis, venue is proper in the Eastern District of Missouri. . . .Accordingly, section 1404(a) properly applies to the parties' request for transfer in this removed action.

Id. at *2 (internal citations omitted).  Similarly, in this case, because Nationwide properly removed this case from Jackson County Circuit Court to the Western District of Missouri, venue is proper and the Court finds that the Motion to Transfer should be considered pursuant to 28 U.S.C. § 1404(a).  In Adams, the Court noted that under this statute, a Court is required to evaluate the convenience of the parties and witnesses and the interests of justice in deciding whether the case should be transferred.

>Factors related to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. . . .Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.

Id. at *2 (internal citations and quotations omitted).  In looking at these factors, the Court is convinced that transfer to the Eastern District of Missouri is warranted.  Plaintiff is a resident of Hickory County, Missouri which is located within the Eastern District, the auto accident giving rise to this lawsuit occurred in St. Charles County, which is also located within the Eastern District. Records and witnesses relating to the accident or plaintiff's medical treatment would also be located in the Eastern District. Additionally, another important factor is that the Eastern District is currently handling the related declaratory judgment action which was first filed by Nationwide on August 31, 2016. Accordingly, the Court finds that the convenience of the parties and witnesses and the interests of justice dictate that this case should be transferred to the Eastern District of Missouri pursuant to

8

28 U.S.C. § 1404(a).  Therefore, Nationwide's Motion to Transfer (Doc. # 2) is hereby **GRANTED** and this case is hereby **TRANSFERRED** to the Eastern District of Missouri.

The Court notes that Nationwide also filed a Motion to Dismiss this case based on the first-filed rule, however as the Court has now ruled that this case should be transferred to the Eastern District, the Court hereby **DENIES** Nationwide's Motion to Dismiss (Doc. # 4).

### IV. CONCLUSION

Accordingly, for the reasons stated above, defendant's Motion to Transfer Venue (Doc. # 2) is **GRANTED**; defendant's Motion to Dismiss (Doc. # 4) is **DENIED** and plaintiff's Motion to Remand (Doc. # 10) is **DENIED**.


Date:  July 12, 2017                                        **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                                       Fernando J. Gaitan, Jr.
                                                            United States District Judge